## Black v. Mercer County Housing Authority

*Ronald T. Heiman,* for plaintiff.

*Francis J. Fornelli,* for defendant.

STRANAHAN, P. J., December 6, 1973.—This matter is before the court on a motion for judgment on the pleadings. Plaintiff was the lessee of public housing at 224 Spearman Avenue, Farrell, Pa. In order to obtain that housing, she executed a written lease agreeing to pay $35 per month as rental.

On July 11, 1972, a notice was sent to her indicating that she was $199 in arrears on her rent and ordering her to vacate the premises within 30 days. The notice further states that it is given under the terms and provisions of her lease.

Plaintiff alleges in her complaint that on July 24, 1972, defendant, through its agents and employes, intentionally and unlawfully and without the consent of Laura Black, entered onto her premises, took many items of personal property owned by her and has converted these items to their own use by destroying them, giving them away or keeping the items.

A schedule of the items is attached to the complaint, it being plaintiff's position that these items have a total value of $3,105 and include a $629 color television, a $400 stove, and other property of lesser value. The complaint further alleges that plaintiff has demanded a return of her property or the value thereof and that defendant has refused.

Defendant has filed new matter setting forth the lease executed by the parties and contending that item 18 of the lease relieves defendant from any liability. That clause in the lease provides that the lessor shall not be liable for any injury or damage to any person or to any property at any time on said premises or building from any cause whatsoever which may arise from the use or condition of said premises or building or from any other cause during the term of said lease or renewal thereof.

In our opinion, paragraph 18 has no applicability, since it is obviously not the intent to cover this situation but rather to relieve the lessor of injury or damages to any person or property due to the conditions of the premises. The paragraph enumerates various conditions such as injury resulting from ice or water or rain or snow which may leak into the building, etc. This clause is obviously not intended to cover this situation.

In addition to this, the situation as pleaded by plaintiff's complaint does appear to be covered by paragraphs 12 and 13 of the lease. Paragraph 13 prohibits the tenant from removing any of her property from the premises if she is in arrears in her rent. It, therefore, follows that plaintiff could not remove her furniture from the premises since she was $199 in arrears.

Paragraph 12 of the lease provides that the lessee grants, bargains, and sells to the lessor all property of every kind on the premises as security for the rent and, if the rent is unpaid, the lessor may seize the property and sell it.

It would, therefore, appear from the present situation that if defendant entered her apartment and took possession of any of her property, defendant would have the obligation to sell only that portion of the property to pay the back rent and deliver the bulk of the property to her or its equivalent in cash.

If defendant has seized property but, instead of complying with item 12 of the lease, has permitted its servants or employes to keep the property for their own use, then defendant would be in violation of paragraph 12 of the lease.

We cannot conceive that paragraph 18 is intended to exonerate defendant if he does not account for property that he has authority to seize under paragraph 12.

We, therefore, believe that the complaint as filed by plaintiff in its present form sets forth a cause of action and that defendant's motion for judgment on the pleadings should be denied.

## ORDER

And now, December 6, 1973, defendant's motion for judgment on the pleadings is denied.